**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Wiley,<br><br>    Plaintiff,<br><br>vs.<br><br>On Point Recovery and Transport LLC et al.,<br><br>    Defendants. | No. CV-24-02284-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendant On Point Recovery and Transport LLC's ("Defendant On Point") Motion to Dismiss (Doc. 12), Plaintiff Mary Wil`ey's Response (Doc. 16), and Defendant's Reply (Doc. 18). The Court now rules as follows.[1]

**I. BACKGROUND**

This case arises out of the attempted repossession of Plaintiff's car after she fell behind on her auto loan payments. (Doc. 1 at 3). Plaintiff's loan was financed by Defendant BMW Financial Services NA, LLC ("Defendant BMW FS"), who was dismissed from this action on October 6, 2024. (*See id.*; Doc. 15). Plaintiff alleges that she fell behind on her payments before September 2023. (Doc. 1 at 3). Subsequently, Defendant BMW FS contracted with Defendant On Point to repossess Plaintiff's vehicle. (*Id.* at 4).

Plaintiff alleges that when Defendant On Point attempted to repossess the vehicle

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motions are suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

in either September or October 2023, she communicated that she had already made a payment. (*Id.*). Plaintiff states that Defendant On Point's repossession agent repeatedly knocked, "insisted that he could not leave the property without the Plaintiff's vehicle," and threatened to contact Defendant BMW FS, who the agent said would then involve the police. (*Id.* at 4–5). Plaintiff alleges that she "was afraid to leave her home while this man was lurking outside and missed her doctor's appointment." (*Id.* at 5). Approximately one or two months later, Plaintiff alleges that Defendant On Point's repossession agent again attempted to repossess the vehicle despite her communication to him that she had scheduled a payment. (*Id.* at 5). Plaintiff contacted Defendant BMW FS who allegedly instructed Defendant On Point's agent to cease repossession efforts. (Doc. 1 at 5).

Plaintiff filed suit on September 3, 2024, and brought two claims against Defendant On Point: a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f, and a claim for breach of the peace in violation of Ariz. Rev. Stat. Ann. § 47-9609 *et seq*. (*Id*. at 6, 8). On October 1, 2024, Defendant On Point filed the present Motion. (Doc. 12).

## II.   LEGAL STANDARD

"To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8." *Jones v. Mohave Cnty.*, No. CV 11-8093-PCT-JAT, 2012 WL 79882, at *1 (D. Ariz. Jan. 11, 2012); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 203 (5th Cir. 2016) (Rule 12(b)(6) provides "the one and only method for testing" whether pleading standards set by Rule 8 and 9 have been met); *Hefferman v. Bass*, 467 F.3d 596, 599–600 (7th Cir. 2006) (Rule 12(b)(6) "does not stand alone," but implicates Rules 8 and 9). Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *In re Sorrento Therapeutics, Inc. Sec. Litig.*, 97 F.4th 634, 641 (9th Cir. 2024) (citation omitted). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable

inference" that the moving party is liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). "Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation." *Jones*, 2012 WL 79882, at *1 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

**III.    DISCUSSION**

Plaintiff brings two claims against Defendant On Point. First, Plaintiff alleges that Defendant breached the peace during the repossession attempt in violation of A.R.S. § 47-9609 by continuing with repossession efforts despite Plaintiff's objections and by trespassing on Plaintiff's property. (Doc. 1 at 6, 8). Second, Plaintiff alleges that Defendant On Point violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.A. § 1692f(6), by attempting to repossess Plaintiff's vehicle without a present right to possession. (*Id.* at 7). Plaintiff alleges that Defendant's breach of the peace in attempting to repossess the vehicle made the repossession attempt unlawful and revoked Defendant's right of possession, which therefore triggered the FDCPA violation. (*Id.* at 7). Defendant On Point argues that its repossession efforts did not constitute a breach of the peace, and therefore it did not violate either the state statute or the FDCPA, as its right to repossession remained intact throughout its efforts. (Doc. 12 at 4–5). Because Plaintiff's FDCPA claim necessarily relies on Defendant On Point's alleged violation of the state statute, the Court will first address Plaintiff's claims under Arizona law.

   **a.    A.R.S. § 47-9609**

Under Arizona's Uniform Commercial Code, a secured party may take possession of collateral after a debtor defaults without judicial process if the removal proceeds without a breach of the peace. A.R.S. § 47-9609. This duty to avoid breaching the peace "applies to independent contractors hired to accomplish the self-help repossession of a motor vehicle." *Rand v. Porsche Fin. Servs.*, 167 P.3d 111, 121 (Ariz. Ct. App. 2007). The statute

does not define what conduct constitutes a breach of peace, and Arizona courts have deemed the question of whether repossession efforts constitute a breach of peace to be a fact-specific inquiry. *See Walker v. Walthall*, 588 P.2d 863, 864 (Ariz. Ct. App. 1978). Moreover, there is little Arizona case law interpreting what constitutes a breach of peace in the repossession context. Arizona courts have indicated that relevant factors include whether the creditor used force or violence; whether the creditor entered the debtor's premises; whether the debtor protested the repossession; whether the creditor damaged the debtor's property during the course of repossession; and whether law enforcement officers were present. *See Rand*, 167 P.3d at 119 (noting that the Texas Supreme Court found similar statute's breach of peace obligation "was based on the public policy of avoiding the use of force or violence"); *Walker*, 588 P.2d at 864, 866; *Stewart v. Sw. Title Loans Inc.*, No. CV-20-01873-PHX-DLR, 2022 WL 508827, at *1 (D. Ariz. Jan. 24, 2022).

### i. Plaintiff's verbal objection to repossession

Here, the parties mainly dispute whether Defendant On Point's continued attempts to repossess the vehicle after Plaintiff objected to repossession constitute a breach of peace.[2] (Docs. 12 at 5; 16 at 12; 18 at 5). While a court in this District has acknowledged that a debtor's objection to repossession is a relevant factor in considering the existence of a breach of peace, it is unclear whether a debtor's objection can alone constitute a breach of peace and, if so, under what context. *See Stewart*, 2022 WL 508827, at *1 ("[H]ere there was a breach of the peace both because Stewart protested the repossession and because SAS damaged Stewart's property during the course of the repossession."). Indeed, "[c]ourts are divided on the issue of whether an unequivocal oral protest amounts to a breach of the peace." *Clarin v. Minn. Repossessors, Inc.*, 198 F.3d 661, 664 (8th Cir. 1999). *Compare*

---

[2] Defendant and Plaintiff also dispute whether actual repossession of the vehicle is a dispositive requirement in establishing a wrongful repossession. (Docs. 12 at 4; 16 at 10). However, because Defendant fails to address Plaintiff's argument that actual repossession is unnecessary to establish wrongful repossession in its Reply (Doc. 18), and because the Court finds dismissal is warranted on other grounds, the Court declines to address this dispute. *See, e.g.*, *M.S. v. Cnty. of Ventura*, No. CV 16-03084-BRO (RAOx), 2017 WL 10434015, at *24 n.20 (C.D. Cal. Mar. 7, 2017) ("Failure to respond to the merits of one party's argument constitutes a concession of that argument.")

*Gonzalez v. VJ Wood Recovery, LLC*, No. 5:23-CV-01599-JMG, 2024 WL 1321074, at *4 (E.D. Pa. Mar. 27, 2024) (finding that under Pennsylvania law "a verbal objection may constitute a breach of the peace, but whether a breach of the peace in fact occurred here must be decided by a jury") *with McCarthy v. First Credit Res., Inc.*, 702 F. Supp. 3d 366, 369 (W.D. Pa. 2023) (finding no breach of peace under Pennsylvania law where verbal objection did not lead to a verbal confrontation and was not accompanied by other aggravating factors).

        Plaintiff correctly notes that several jurisdictions have found that an oral objection may be sufficient to amount to a breach of the peace. (Doc. 16 at 12). *See also Darren Trucking Co. v. Paccar Fin. Corp.*, No. GJH-18-3936, 2019 WL 3945103, at *2 (D. Md. Aug. 20, 2019) (collecting cases). For instance, the Sixth Circuit, applying Michigan law, has noted that "an objection, particularly when it is accompanied by physical obstruction, is the debtor's most powerful (and lawful) tool in fending off an improper repossession because it constitutes a breach of the peace." *Hensley v. Gassman*, 693 F.3d 681, 689 (6th Cir. 2012). Applying Oklahoma's equivalent statute, the Tenth Circuit has also found that repossession in the face of a debtor's resistance, even if it is a mere request for the financer to leave the car alone, can amount to a breach of peace. *Marcus v. McCollum*, 394 F.3d 813, 820 (10th Cir. 2004), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009). Many jurisdictions have emphasized that verbal objections and confrontations can be likely to lead to violence in finding a breach of peace based on oral objection alone. *See, e.g., Darren Trucking Co.*, 2019 WL 3945103, at *2 ("The driving force behind the 'breach of the peace' standard is to avoid precursors to violence—such as open disagreement—that often escalate into actual violence." (citation omitted)); *First & Farmers Bank of Somerset, Inc. v. Henderson*, 763 S.W.2d 137, 140 (Ky. Ct. App. 1988) (finding that because a breach of the peace includes acts likely to induce violence, a verbal objection may sufficiently qualify).

        To that end, other jurisdictions have frequently determined that a mere objection to repossession does not amount to a breach of the peace if the totality of the circumstances

5

does not reflect a potential for violence. *See Gill v. Bd. of Nat'l Credit Union Admin. for Sikh Fed. Credit Union*, No. CV 93-1597 (MDG), 2018 WL 5045755, at *10 (E.D.N.Y. Oct. 16, 2018) (noting other jurisdictions' findings that repossession "over the oral objection of the owner, however strenuous, is not a breach of the peace unless accompanied by factors indicating that the activities of the repossession agent are of a kind likely to cause violence, or public distress and/or consternation."). For example, courts applying California law have rejected arguments that continued repossession in the face of a debtor's objection constitutes a breach of peace. *See Nieves v. Able Auto Adjusters*, No. CV-18-8262-DSF-AGRX, 2019 WL 13043035, at *1 (C.D. Cal. Mar. 12, 2019); *Rainwater v. Rx Med. Servs. Corp.*, No. CV-95-5596-REC, 1995 WL 907888, at *6 (E.D. Cal. Dec. 6, 1995) (finding that objection to repossession did not constitute breach of peace when there was no force or threat of force). Moreover, courts have found that in California, conduct is a breach of peace only if it "tends to provoke violence or involves the causing of a loud and unreasonable noise" or if "force or threats of force are necessary to secure possession of the collateral without judicial intervention." *Maynard v. United Servs. Auto. Ass'n Fed. Sav. Bank*, No. 21-CV-04519-JSW, 2022 WL 20611263, at *2 (N.D. Cal. Apr. 27, 2022) (citations and quotations omitted); *Rainwater*, 1995 WL 907888, at *6.

Similarly, in New York, courts typically only find that the taking of a vehicle upon default over the oral objection of the owner is only a breach of the peace when accompanied by other aggravating factors, such as use of force or threats of violence. *See Garcia v. Dezba Asset Recovery, Inc.*, 665 F. Supp. 3d 390, 408 (S.D.N.Y. 2023) (citations omitted) (collecting cases); *Labadie v. NU Era Towing & Serv., Inc.*, No. 22-2064-CV, 2023 WL 8708421, at *2 (2d Cir. Dec. 18, 2023) ("New York courts have found a breach of peace where the debtor's verbal objections were followed by actions taken by the repossessor that resulted in violence or were likely to lead to violence."). Several other jurisdictions, including Massachusetts, Illinois, Minnesota, and Alabama, have also followed this approach. *Shue v. JMAC Distrib., LLC*, No. 23-CV-12152-ADB, 2024 WL 3849538, at *4 (D. Mass. Aug. 16, 2024) (finding breach of peace when vehicle was repossessed over

"debtor's explicit objections" because objection was accompanied by other aggravating factors); *Chrysler Credit Corp. v. Koontz*, 661 N.E.2d 1171, 1174 (Ill. App. Ct. 1996) (finding no breach of peace where debtor yelled "Don't take it," and there was no implication of violence); *Clarin*, 198 F.3d at 664 (finding no breach of peace under Minnesota law when debtor orally protested and had ample time to contact the lender, police, and repossession company and the agents "did not use trickery or deception"); *Westbrook v. NASA Fed. Credit Union*, 799 F.App'x 722, 725 (11th Cir. 2020) (finding no breach of peace under Alabama law where a "heated" conversation in which debtor objected to repossession and called police "did not even arguably rise to" a risk of violence). All told, a review of case law reveals that courts across all jurisdictions are primarily concerned with a risk of violence in analyzing whether the specific facts of each case demonstrate a breach of the peace.

Regardless of whether a verbal objection alone may amount to a breach of the peace under some circumstances under Arizona law, here, the Court finds that the alleged facts of the case do not demonstrate a breach of peace. Plaintiff does not allege that Defendant On Point's continued attempts to repossess the vehicle over her objections were accompanied by any additional aggravating factors, such as violence, threats of violence, or property damage. To that end, the alleged circumstances do not indicate a potential for violence or further escalation. During the first alleged incident, Defendant On Point's agent did not engage in any form of trickery or deception in its efforts, but instead knocked on the door with repossession paperwork, and Plaintiff communicated that she had already made a payment. (Doc. 1 at 4). Plaintiff apparently never opened the door, as the Complaint states that Defendant On Point's agent continued to knock. (*Id.*). Plaintiff remained inside of her home and never confronted the agent outside, and the vehicle remained in her garage. (*Id.*). These facts do not demonstrate a potential escalation to violence from Plaintiff or Defendant On Point's agent. Indeed, Plaintiff's objection did not incite violence: Plaintiff remained inside of her home, and the agent knocked on the door additional times before leaving. (*Id.* at 5; Doc. 12 at 2).

To that end, Plaintiff's allegation that Defendant On Point's agent breached the peace by "threatening to bring the police down on her" is unconvincing. (Docs. 18 at 15). The Complaint alleges that Defendant On Point's agent threatened to contact Defendant BMW FS and told Plaintiff that Defendant BMW FS "would have the police come out." (Doc. 1 at 5). The agent did not engage law enforcement and the facts do not show that the agent's statement escalated the situation toward violence. (Doc. 1 at 7); *see generally Rand*, 167 P.3d at 116 (finding that "the mere presence of police at the scene of a self-help repossession to keep the peace" does not make the repossession unlawful).

Similarly, on Defendant On Point's second repossession attempt, Plaintiff alleges that she told the agent that she had a payment scheduled and that the agent "did not care and again refused to stop his repossession efforts." (Doc. 1 at 5). The Complaint does not explain what the repossession efforts entailed, as the vehicle was in a garage, but Plaintiff was given time to contact Defendant BMW FS, who then instructed Defendant On Point to cease repossession efforts. (*Id.*). Similarly to how other jurisdictions have found no breach of peace despite a debtor's objections when the repossessor waited for the debtor to call the loan company before taking further action, here, the Court finds that no breach of peace occurred during Defendant On Point's second repossession attempt. *See Clarin*, 198 F.3d at 663–64. All told, Plaintiff's allegations do not show that Defendant On Point's conduct or Plaintiff's verbal objections to repossession produced a risk of violence such to constitute a breach of peace.

### ii. Defendant On Point's alleged trespass

Furthermore, to the extent Plaintiff argues that Defendant On Point breached the peace by trespassing on her property, the Court rejects this argument. (Doc. 1 at 7). Arizona courts have determined that individuals who walk up to a home and knock on a door are not trespassers. *See Jones v. Manhart*, 585 P.2d 1250, 1253 (Ariz. Ct. App. 1978); *State v. Lohse*, 431 P.3d 606, 610 (Ariz. Ct. App. 2018) (noting that the public has a general license to approach the home, knock, and wait briefly to be received, unless the license is revoked). Without more information, it is unclear whether the amount of time Defendant On Point's

agent lingered outside of Plaintiff's home after knocking qualifies as "brief" or whether Plaintiff's statement that she had made a payment revoked the agent's license to be on her property.

However, even if the agent's presence did constitute trespass, the alleged trespass did not constitute a breach of the peace. Arizona courts have not addressed the issue of whether trespass breaches the peace in the context of repossessions, but other jurisdictions have concluded that "mere entry upon the property of another, or a trespass, to take possession of property is not sufficient to establish a breach of the peace occurred." *Brooks v. Leon's Quality Adjusters, Inc.*, No. 1:15-CV-000965-JLT, 2016 WL 4539967, at *14 (E.D. Cal. Aug. 30, 2016) (finding no breach of peace under California law where defendant entered property with "no trespassing" signs and repossessed vehicle without use of force); *Droge v. AAAA Two Star Towing, Inc.*, 468 P.3d 862, 872 (Nev. App. 2020) ("[C]ourts also recognize that a mere trespass, standing alone, is not a breach of the peace."); *Butler v. Ford Motor Credit Co.*, 829 F.2d 568, 570 (5th Cir. 1987) (determining that under Mississippi law "peaceful entry onto a debtor's land without his permission, but without physical objection or intrusion into a dwelling or garage" does not constitute breach of peace). As Defendant On Point's agent's actions at most amount to trespass and did not involve any force or intrusion, the agent's conduct did not constitute a breach of the peace. In sum, the Court finds that Plaintiff's allegations do not plausibly give rise to a finding that Defendant On Point breached the peace, and as such, Plaintiff's claim under A.R.S. § 47-9609 must be dismissed.

### b. 15 U.S.C. § 1692f

Under the FDCPA, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. A plaintiff must show four elements to bring a successful FDCPA claim: (1) the plaintiff qualifies as a consumer under the act; (2) the debt arises out of a transaction entered into for personal, family, or household purposes; (3) the defendant is a debt collector under the act; and (4) "the defendant violated one of the provisions contained in 15 U.S.C. §§ 1692a–1692o." *Wheeler*

9

*v. Premiere Credit of N. Am., LLC,* 80 F. Supp. 3d 1108, 1112 (S.D. Cal. 2015). The parties do not dispute any of the elements other than whether Defendant On Point violated 15 U.S.C. § 1692f by repossessing the vehicle despite lacking a present right to repossession after Defendant's alleged breach of peace. (Docs. 12 at 4–5; 16 at 5).

As noted above, Plaintiff's FDCPA claim alleges that Defendant On Point lost the right to repossession by breaching in the peace, which therefore made the repossession attempt unlawful under Arizona law. (Doc. 1 at 6–7). Because this Court determined that Defendant On Point did not breach the peace in attempting to repossess the vehicle, Defendant On Point's repossession attempt was not unlawful under Arizona law. As such, Defendant On Point did not violate 15 U.S.C. § 1692f, as it maintained a present right to repossession throughout its efforts. Therefore, Plaintiff's FDCPA claim must be dismissed.

**IV.   CONCLUSION**

All told, "whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A district court should normally grant leave to amend unless it determines that the pleading could not possibly be cured by allegations of other facts. *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).

While Plaintiff only needs to allege enough facts to "plausibly give rise to an entitlement to relief," that has not occurred here. *Iqbal*, 556 U.S. at 679. Therefore, the Complaint fails to satisfy the pleading standards set forth by Rule 8 and 12(b)(6), and its dismissal is both warranted and necessary. Plaintiff stated in her Response that her claims "are fully and sufficiently pled" and has not otherwise suggested that she is in possession of facts that would cure the deficiencies of her Complaint. (Doc. 16 at 17). Moreover, the Court finds it unlikely that there are additional relevant facts consistent with the Complaint that would save Plaintiff's claims. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) ("If

a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."). Nevertheless, if Plaintiff believes she can allege additional facts consistent with the Complaint to demonstrate that a breach of peace did occur, Plaintiff may file a motion for leave to amend that complies in all respects with the local and federal rules no later than December 13, 2024. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (reiterating the Ninth Circuit's "longstanding rule that leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect") (quotations and citations omitted).

Accordingly,

**IT IS ORDERED** that Defendant Recovery and Transport LLC's Motion to Dismiss (Doc. 12) is **granted**.

**IT IS ORDERED** that Plaintiff's Complaint (Doc. 1) is dismissed without prejudice in its entirety.

**IT IS FURTHER ORDERED** that Plaintiff may file a Motion for Leave to Amend by December 13, 2024.

Dated this 22nd day of November, 2024.

Honorable Steven P. Logan
United States District Judge